PEOPLE *v.* SANDERS.

1. EMBEZZLEMENT—DEPUTY TREASURER—AUTHORITY TO APPOINT.
   Where a township treasurer's deputy is prosecuted for embezzlement of township funds, under section 11612, 3 Comp. Laws, it is immaterial whether the treasurer could lawfully appoint a deputy or permit respondent to act as his representative.

2. SAME—TRIAL—INSTRUCTIONS.
   In a prosecution of a deputy township treasurer for embezzlement, an instruction that defendant cannot be convicted if he paid out for township orders or deposited in the bank all money received by him for taxes, ignores the claim that he drew from the bank and embezzled the money, and was therefore properly refused.

3. CRIMINAL TRIALS—POWER OF JURY.
   The jury is not the judge of the law in criminal cases.

4. SAME—EVIDENCE—OTHER OFFENSES.
   In a prosecution of a deputy township treasurer for embezzlement it was proper to show that defendant, by reason of his default as village treasurer, found it necessary to replenish that account, which he did with funds drawn from the township treasury.

5. SAME—ARGUMENT OF PROSECUTOR.

> In the prosecution of a deputy township treasurer for embezzle-
> ment, the prosecuting attorney in his argument stated that
> the treasurer committed a gross indiscretion when he put his
> trust in defendant, because defendant did not deserve that
> trust; that defendant was a thief, and the treasurer did not
> know it, and put his trust "in this young thief, who stole the
> money from the township," etc. *Held*, that the argument
> was a legitimate one.

Exceptions before judgment from Wayne; Hosmer, J.
Submitted February 16, 1905. (Docket No. 266.) De-
cided March 21, 1905.

Walter F. Sanders was convicted of embezzlement.
Affirmed.

*John E. Moloney*, for appellant.

*Ormond F. Hunt*, Prosecuting Attorney, and *Louis C.
Wurzer*, Assistant Prosecuting Attorney, for the people.

HOOKER, J.   Frank A. Parent was elected treasurer
of the township of Monguagon, Wayne county, at the
spring election in the year 1902, and qualified, giving the
required bond.   About April 1st he appointed Sanders,
the defendant, his deputy, without, however, obtaining
the consent of his bondsmen, as required by 1 Comp. Laws,
§ 3934.   Sanders took the oath of office, and acted in an
official capacity, under the authority and instruction of
Parent, until his arrest for embezzlement on May 23, 1903.
He collected all of the money due the township, deposited
a portion of it in the bank in the name of Parent, treas-
urer, and kept a portion in his possession, paid township
orders partly by money not deposited and partly by checks
on the bank, signed by him in the manner authorized by
Parent.   It is said that after his arrest he admitted that
he had used township funds for his own purposes to the
amount of more than $3,000.   The prosecutor claims that
the proof shows the amount to be over $5,300.   The de-
fendant was convicted, and has appealed.

Counsel for the respondent contend that the treasurer was not authorized to appoint a deputy, or to permit him to draw from the bank funds credited to him in his official capacity; and that, even if he had such authority, he has not exercised it in a lawful way, and such appointment is therefore void, and affords no protection to the officer and none to the bank. The theory of the prosecution is that the respondent was given authority to collect and disburse this fund for the treasurer and in his name, and the testimony shows that the treasurer informed the bank that he had given the respondent such authority. Accordingly the respondent's checks were honored and payed to the payees, who in some instances was the respondent. The prosecution is made under 3 Comp. Laws, § 11612, which reads as follows: .

" (11612). SECTION 1. *The People of the State of Michigan enact,* That if any person holding any public office in this State, or if the agent or servant of such person knowingly and unlawfully appropriates to his own use, or to the use of any other person, the money or property received by him in his official capacity or employment, of the value of fifty dollars or upwards, the person so offending shall be deemed guilty of a felony, and shall, upon conviction, be punished by imprisonment in the State prison, at hard labor, not to exceed ten years, or by fine not exceeding five thousand dollars, or both said fine and imprisonment."

Whether the treasurer might or did lawfully appoint a deputy, and whether he had a lawful right to permit respondent to act as his representative, it is undeniable that he authorized his acts, and respondent acted for him in his name. That, as between them, he acted as the treasurer's agent, cannot be denied, and as between them the relation of principal and agent existed. He has consented to act as such agent, has so acted, and in fact was such agent; and he has fraudulently converted the money to his own use, even if it could be said that the law did not provide for a deputy or agent, and contemplated neither. His liability under this statute is not affected by

the treasurer's responsibility to the township, nor by the bank's want of justification for cashing his checks. The money belonged to the municipality when deposited. It was paid out by the bank as such money, and was such when it was converted by the respondent, and he is in no position to question either proposition upon the facts stated. The claim that one who consents to be agent, and thus acts to obtain money, which he embezzles, can avoid responsibility upon the ground that the principal could not lawfully appoint, or he accept an appointment as such, and that, therefore, he is at liberty to fraudulently appropriate the funds without liability as a criminal, was considered in the case of *People* v. *Hawkins,* 106 Mich. 484, where it was held that a de facto agent or servant was liable under the statute applicable to that case, whether the relation involved a lawful contract or not. This case is within the principle there stated.

The court properly refused to charge that the defendant could not be found guilty if he paid out for township orders, or had deposited in the bank, all of the moneys received by him in cash for the collection of taxes. It excludes the prosecutor's claim that he drew from the bank and embezzled the money. He did not err in refusing to say to the jury that "they alone were the sole judges of the law." Such is not the law.

Question is made over the suggestion by the prosecutor that he would show the defendant's dealing with village money. It was proper to claim and show that by reason of his default as village treasurer the respondent found it necessary to replenish that account, which he did by funds drawn from the township account.

An exception was taken to the following argument by the prosecutor:

"We admit, gentlemen of the jury, that Mr. Parent perhaps committed a gross indiscretion—perhaps the greatest indiscretion in his life—when he put one single bit of trust in Mr. Sanders, because Mr. Sanders did not deserve that trust. He was a thief, and Mr. Parent did not know it.

That has been the statement Mr. Parent has made in this case. Mr. Parent thought Mr. Sanders was honest. He knew Mr. Sanders' father for a long time before, and he knew Mr. Sanders' father was an honest man, and he had known Mr. Sanders from boyhood up, as he said on the stand. He knew he had been interested in many enterprises, and had traveled over all parts of this country; that he had an experience in business that Mr. Parent had not; and, honest, simple old man that he was, he put his trust in this young man here—in this young thief, who stole the money from the township of Monguagon, and betrayed the trust that Mr. Parent reposed in him; made him his associate in business."

The argument was a legitimate one. It was unnecessary to speak of respondent as a "young thief," but he was on trial for an offense equivalent to larceny. The prosecutor was insisting that he was an embezzler, and the language implied nothing more than such contention.

The allusion to the forgery of Parent's name could not be misunderstood, and we think should be classed with the other statement, as unnecessary, but harmless to the respondent, though probably not to the prosecution. The average juror ordinarily resents vituperation of a defendant, and it generally reacts upon him who indulges in it.

There are several assignments which we do not discuss because they involve no important question. As to some of them, there is no reference either in the record or brief to the page where they appear in the record. This is a hazardous omission, for the court cannot be expected to supply the omission through a search of the record.

We find no error, and the judgment is affirmed.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.